## WALLINGFORD et v SLATTERY

Ohio Appeals, 1st Dist, Hamilton Co

No 4835.  Decided June 24, 1935

Ernst, Cassatt & Cottle, Cincinnati, and Peck, Shaffer & Williams, Cincinnati, for plaintiffs in error.

Leo J. Brumleve, Jr., Cincinnati, for defendant in error.

**OPINION**

By HAMILTON, J.

"Business" is a word of large and rather indefinite import. It must be considered that the legislature intended the word to be used in its ordinary sense, since it does

not define its meaning as it does many other words used in the Compensation Act.

Bouvier defines "business" as: "That which occupies the time, attention, and labor of men for the purpose of livelihood or profit, but it is not necessary that it should be the sole occupation or employment. It embraces everything about which a person can be employed." Citing cases.

Many cases are cited in the briefs, but they are of little aid here, as they all present a different state of facts. Each case must be determined on its own facts.

In this case, where the defendants own sixty pieces of rental property, of widely different character, requiring constant attention in keeping them in repair, renovating, janitor elevator service, securing tenants, paying taxes, collecting rents, securing the profits, and engaging agents and employees to perform the same, and operated as a designated estate, we conclude and so hold that the defendants were engaged in business within the meaning of the Compensation Act, and the trial court did not err in so charging the jury.

The question for the jury was, whether or not the defendants employed three or more workmen. The jury under the charge of the court determined that they did, and it was justified in so doing.

Finding as a matter of law on the undisputed evidence that the defendants were engaged "in business" within the meaning of the Compensation Act, we find no error in the special charges complained of, nor in the general charge.

We find no prejudicial error in the record, and the judgment of the Court of Common Pleas is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.